BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the order of the Industrial Relations Commission filed January 28, 1972.
Claimant, an employee of Holloway Materials, sustained an accidental injury in the course and scope of his employment when he fractured his right leg on May 27, 1966. The employer was, at the time of the accident, a qualified self-insurer, serviced by Corporate Group Service. Corporate Group had secured workmen’s compensation coverage through Underwriters of Lloyds of London and/or B & R Excess Corporation.
On December 8, 1969, a hearing was held on the claim of Alfred Best against Holloway Materials. The employer was represented by counsel at the hearing. The servicing agent, Corporation Group Service, was served with notice of the hearing but made no appearance.
The Judge of Industrial Claims found that claimant was injured in a work-connected accident and had been temporarily totally disabled since the actident. Lloyds of London and/or B & R Excess Corporation were ordered to pay benefits due and owing the claimant. Thereafter, Lloyds of London and B & R Excess Corporation filed an application with the Commission for review of the order of the Judge of Industrial Claims. The Full Commission entered an order reversing the Judge and stating:
“We find that the Judge of Industrial Claims did not acquire jurisdiction over Underwriters at Lloyds of London because the appellant, Lloyds, was not served with notice of hearing. Chapter 440.41, which provides that notice to the employer is notice to the carrier, does not apply to self-insured employers. Holloway Materials Corporation was a self-insured employer as evidenced by the Bond appearing in Exhibit One which is required of all self-insurers. This document indicates that the Commission granted the employer herein the privilege of self-insurance on April 1, 1966. Corporate Group Service was the employer’s servicing agent and the record indicates no agency relationship existing between Corporate Group Service and the appellant. Chapter 48.151, Florida Statutes [F.S.A.], provides for service on nonresident insurance companies by obtaining service of process upon the insurance Commissioner and the appellant could *516 have been so served and jurisdiction thus obtained. This was not accomplished and therefore jurisdiction did not vest in the Judge of Industrial Claims. The requirements of 440.25(3)(a) were not met.”
Claimant has petitioned this Court contending that the Full Commission erred by reversing, in toto, the order of the Judge of Industrial Claims, even though the employer, Holloway Materials had taken no appeal of the order against it. Claimant also contends that the Full Commission erred in failing to rule on the motion to strike the brief of Lloyds of London for being outside the record. Lastly, claimant contends that the Commission erred in determining that Lloyds of London did not receive notice of the hearing sufficient to vest jurisdiction of the Judge of Industrial Claims over that insurance company.
The principal question here presented is whether notice of hearing held on December 8, 1969, given to the self-insured employer, Holloway Materials, and to Corporate Group Service, Inc., servicing agent, constituted notice to Underwriters of Lloyds of London. Lloyds of London had issued a policy, through its broker, B & R Excess Corporation, to reinsure sixty per cent of the aggregate losses which were in excess of eighty-five per cent of the applicable premium for Holloway Materials. The claim made on behalf of claimant involved excess aggregate losses to Holloway Materials, thus demands were made against Lloyds of London under the reinsurance policy. Lloyds of London has, in fact, made payments required under the policy, contributing a total of $8,603.80 to date.
The matter is not controlled by Florida Statutes § 48.151, F.S.A., dealing with service on non-resident insurance companies. Claimant in a workmen’s compensation matter is not required to serve each and every insurer in order to obtain compensation. The instant case is illustrative of the burden that would be placed on a claimant if the workmen’s compensation act required service of notice of hearings on each insurer, including foreign-based companies, that might be involved in the claim. It is often difficult to determine what companies are, in fact, on the risk at any given time. These matters are particularly within the knowledge and control of the employer and its servicing agent, both of whom were served with notice in this case.
The Full Commission correctly held that Florida Statutes § 440.41 [1] F.S.A., providing for substitution of the carrier for the employer, except where the employer is a self-insurer, is not applicable here. The Commission erred, however, in holding that § 440.41, by implication, requires that a claimant seeking compensation from a self-insurer must serve notice on all insurance companies having policies with the employer that are pertinent to the claim. The obvious purpose of Florida Statutes § 440.41, F.S.A., is to provide certain rules facilitating the substitution of the carrier for the employer in cases where the employer is not a self-insurer. The Statute is not designed to impose additional notice requirements on a claimant whose employer is self-insured.
The other points raised by the petition need not be discussed here since they are *517 settled by our decision reinstating the order of the Judge of Industrial Claims.
Accordingly, certiorari is granted, the order of the Full Commission is quashed and the cause remanded with directions to reinstate the order of the Judge of Industrial Claims.
It is so ordered.
CARLTON, C. J., ROBERTS and ERVIN, JJ., and MELVIN, Circuit Judge, concur.

. ‘Tn any case where the employer is not a self-insurer, in order that the liability for compensation imposed by this chapter may be most effectively discharged by the employer, and in order that tiie administration of this chapter in respect of such liability may be facilitated, the commission' shall by regulation provide for the discharge, by the carrier for such employer, of such obligations and duties of the employer in respect of such liability, imposed by this chapter upon the employer, as it considers proper in order to effectuate the provisions of this chapter. For such purposes (1) notice to or knowledge of an employer of the occurrence of the injury shall be notice to or knowledge of the carrier, (2) jurisdiction of the employer by the commission or any court under this chapter shall be jurisdiction of the carrier, and (3) any requirement by the commission, or any court under any compensation order, finding, or decision shall be binding upon the carrier in the same manner and to the same extent as upon the employer.”